## STATE OF FLORIDA v BUSHAW
### Case No. 87-013063 MM A02
County Court, Palm Beach County
August 18, 1987

### APPEARANCES OF COUNSEL

**Spencer Levine**, Assistant State Attorney, for plaintiff.
**Donald Stephens**, Assistant Public Defender, for defendant.

### OPINION OF THE COURT

ROBERT S. SCHWARTZ, County Judge.

THIS MATTER WAS BEFORE THE COURT pursuant to the Defendant's motion to dismiss. The Court having heard the argument of the parties and having examined authority presented by counsel, hereby denies the motion.

The Defendant is charged with resisting arrest without violence in

violation of section 843.02. According to the affidavit of probable cause, the defendant repeatedly physically interposed himself between the complaining officer and a third party, who was in the process of being arrested, thereby interfering with that arrest.

The Defense urges that Chapter 843.02 is unconstitutionally broad and is thereby susceptible of being interpreted to prohibit protected speech. In support of this position, the Defense cites United States Supreme Court case of *City of Houston v. Hill,* 55 L.W. 4823 (U.S.S.Ct. 1987). In that case the Supreme Court invalidated a Houston city ordinance which has some similarities to 843.02. However, the Houston ordinance is significantly different than the Florida statute in that it makes it unlawful to, inter alia, "interrupt" a policeman in the performance of his duties. The Court clearly based its decision upon this provision of the ordinance. In fact, the issue to be decided in the Houston case, as formulated by the Court, was:

". . . whether a municipal ordinance that makes it unlawful to interrupt a police officer . . . is unconstitutionally overbroad under the First Amendment."

The statute complained of in the case at bar does not contain the offending verbiage and the Houston case is therefore distinguishable. It is settled law that enactments of the legislature are presumed to be constitutional.

The actions of the Defendant which form the subject matter of the criminal allegations, in the case at bar, do not involve protected speech. In a proper case, the Court might grant a dismissal where the act of a Defendant was purely verbal in nature. But in its ruling today, this Court does not have to decide that issue in the above case.

DONE AND ORDERED, this 16th day of August 1987 at West Palm Beach, Florida.